## Hayden v. Boetler.
(Decided April 21, 1936.)

F. Z. MONARCH for appellant.

B. A. ROBERTSON for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Reversing.

Mary Eliza Payne was the owner of a life estate in two tracts of land in Daviess county, and W. J. Payne, her son, was the owner of the remainder interest therein. By deed dated March 10, 1933, and recorded February 2, 1934, W. J. Payne conveyed his interest to W. G. Hayden. On the smaller tract of land, consisting of 22 acres, there was an old barn.

Alleging that prior to the death of the life tenant, Mrs. Mary Eliza Payne, Mrs. Richard Boetler purchased from her the barn without the knowledge or consent of the plaintiff, and without his knowledge or consent tore down and removed the barn from the land and carried it away and rebuilt with it a barn on her own premises, W. G. Hayden, the owner of the farm, brought this action against Mrs. Boetler to recover damages in the sum of $875. It was charged in the petition that Mrs. Boetler knew that Mrs. Payne owned only a life estate in the land, and had no right or authority to sell the barn, and that she had actual and constructive notice of the interest and ownership of plaintiff at the time she removed the barn. Mrs. Boetler filed a general demurrer, and without waiving same, answered in two paragraphs. Paragraph 2 was a general denial. Paragraph 3 presented the following defense. The barn was 75 or 100 years old, and in very bad repair. During her lifetime Mrs. Payne tore down the barn for the purpose of using the material in the construction of another barn, and thereafter, in consideration of $25, sold the portion

of the timber which the defendant used in the construction of an outbuilding. In addition to filing a general demurrer to, and the motion to strike paragraph 3 of the answer, which demurrer and motion were overruled, plaintiff, without waiving same, filed a reply denying the allegations of that paragraph.

At the conclusion of the evidence for the plaintiff the court directed a verdict in favor of the defendant. Plaintiff appeals.

There was evidence as to the value of the barn, and to the effect that it was torn down, but no evidence tending to show that Mrs. Boetler, or any one representing her, went upon the premises or had anything to do with the tearing down of the barn. However, Mrs. Boetler admitted in her answer that she purchased some of the timbers from the barn for $25, and appellant testified that she told him "she bought it in good faith, and thought she had a right to buy it," and further that "she used it and bought some new material and built a barn." Though the evidence may not have been sufficient to make out a case of trespass against Mrs. Boetler, yet, as the life tenant had no right to sell the timber that had been in the barn, Mrs. Boetler acquired no title by her purchase, and became liable to appellant, the remainderman, for the value of the timber which she purchased as of the date and place of conversion. Bergen & Meehan Co. v. Sears, 67 S. W. 1002, 24 Ky. Law Rep. 80. It having been admitted and shown that the timber purchased had value for which appellee was liable to appellant, it was error to direct a verdict in favor of appellee.

Wherefore, the judgment is reversed, and cause remanded for a new trial consistent with this opinion.